STATE OF MISSOURI )
) ss
COUNTY OF NEW MADRID )

IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI

RICKY L. BUMPUS, )
)
               Plaintiff, )
)
vs )  Case No. 05NM-CV00626
)
POLAR CORPORATION, )
)
               Defendant. )

## SECOND AMENDED PETITION FOR DAMAGES

Comes now Plaintiff, by and through his attorneys, and for his

cause of action states to the Court as follows:

1.    That Plaintiff is a resident of Dunklin County, Missouri, and

does now reside at Clarkton, Missouri.

2.    That Defendant, Polar Corporation is a Minnesota

Corporation whose registered agent for the service of process is Donald

Stover, 12810 County Road 17, Holdingford, MN 56340-9773.

3. The Defendant, Polar Corporation, merged with Pentron, Inc.,

which was a foreign Corporation duly registered in Missouri and whose

principal place of business in Missouri was 10035 State Road O, Ste.

Genevieve, Missouri.

4.    That the events giving rise to this cause of action occurred in

New Madrid County, Missouri.

**FILED**

APR 27 2009

MARSHA MEATTE HOLIMAN
CIRCUIT CLERK-DIVISION I

5.      That on October 31, 2004, Plaintiff was engaged in the duties of his employment with Associated Electrical Coops., Inc. at its facility at St. Jude Industrial Park, New Madrid, Missouri.

6.      That as part of his responsibilities of his employment, Plaintiff was required to stand on the walk-deck of a 1988 Fruehauf model HEB-T2-J985 semi-truck trailer sold by Defendant.

7.      That the trailer sold by Defendant was in a dangerous and defective condition at the time of sale.

8.      When put to its reasonably intended use, the walk-deck on the truck contained a "safety rail" that was of inadequate height and created an additional danger instead of any safety effect in that it would cause any person to come into contact with it to become inverted as they went over such railing.

9.      The defective or dangerous condition was or should have been apparent to Defendant.

10.     That on October 31st, Plaintiff was standing on the walk-deck of the truck unloading ash from his employers generating furnace at the location described above when he was buffeted by a sudden blast of ash and hot air and knocked into the safety rail on the truck, which caused him to be overturned and land on the concrete adjoining the truck on his head and neck.

FILED

APR 27 2009

MARSHA MEATTE HOLLMAN
CIRCUIT CLERK-DIVISION I

11.    That as a result of such fall, Plaintiff sustained catastrophic injuries to his head, neck, back and shoulders, causing him significant permanent disability and great pain and suffering.

12.    That as a direct and proximate result of Defendant's negligence and Plaintiff's injuries described above, Plaintiff has been required to incur medical and hospitalization expenses and is likely to be required to incur such expenses in the future.

13.    That as a direct and proximate result of Defendant's sale of the defective equipment, Plaintiff has sustained a loss of wages and is likely to sustain such loss of wages in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant for such sums in excess of Twenty-Five Thousand Dollars ($25,000.00) as may reasonably compensate him for his damages set forth hereinabove, for his costs herein expended and for such other and further relief as the Court deems just and proper.

Stephen E. Walsh - 24992

MOORE, WALSH & ALBRIGHT, L.L.P.
Attorneys at Law
P.O. Box 610
Poplar Bluff, MO  63901-0610
573/785-6200

ATTORNEY FOR PLAINTIFF

**FILED**

APR 27 2009

MARSHA MEATTE HOLIMAN
CIRCUIT CLERK-DIVISION I